On Petition for Rehearing
THORNAL, Justice.
Petitioner Violet C. Williams seeks a rehearing following our original order discharging a writ of certiorari.
Our original consideration of the petition for certiorari suggested possible jurisdiction because of an alleged conflict with a prior decision of this court. Article V, Section 4, Florida Constitution, F.S.A.
We issued the writ and heard arguments on the merits. After thorough consideration we concluded that there was no conflict between the decision of the District Court of Appeal and the prior decision of this court cited by petitioner. We thereupon discharged the writ.
*7 By her petition for the writ of certio-rari, the petitioner asserted that the decision of the District Court of Appeal collided with the prior decision of this court in Rork v. Las Olas Company, 156 Fla. 510, 23 So.2d 839. This was the only prior decision of this court which the petitioner mentioned as announcing a rule of law contrary to the decision of the Court of Appeal.
By her petition for rehearing the petitioner undertakes to submit five additional prior cases, none of which was pointed out by her in her original petition. At the same time she offers no contention that we overlooked any aspect of Rork v. Las Olas Company, supra, which was the prior decision relied upon by her to bring her cause within the jurisdiction of this court.
We do not wish to be understood as taking offense at the filing of the petition for rehearing. Our rules clearly recognize the right and our experience has indicated that often times courts do overlook significant aspects of a case. “Cujusvis hominis est errare” — any man may make a mistake. Cicero, Philippica, XII., 2, 5. Judges, being human, are not infallible. Hence Rule 3.14, Florida Appellate Rules, 31 F.S.A., makes provision for petitions for rehearing.
The rule last cited, however, provides that such a petition shall assume no new ground or position from that taken in the original presentation of the cause. This is necessary in order to provide for the orderly presentation and disposition of the cases. It is also required in order to bring litigation to a terminal point.
Furthermore, in the instant case the petitioner did not support her petition with a brief as required by Rule 4.5 subd. c, Florida Appellate Rules.
Despite this situation, the petitioner now comes into court for the first time by petition for rehearing with the contention that this court in its original consideration of the case overlooked or failed to consider five cases which the petitioner herself did not even mention in her original presentation of the case either by petition or brief.
Rule 4.5, subd. c(6), Florida Appellate Rules, requires that the petition “shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court”. We are authorized to review by certiorari any decision of a district court of appeal “that is in direct conflict with a decision * * * of the su^ preme court on the same point of law * * *” Article V, Section 4, Florida Constitution.
In order to meet the requirements of Rule 4.5, subd. c(6), supra, the petition must' certainly point out the areas of conflict with specific reference to illustrative prior decisions of this court which establish the conflict. This having been done, additional authorities may be presented and discussed in the supporting brief. In other words, the petition is not expected to be a compendium of all of the persuasive authorities which petitioner feels support his position. This is the function of his brief. Rule 4.5, supra. It is required, however, that the prior decisions relied upon to demonstrate the conflict should be announced in the petition for certiorari.
We have elaborated, to some extent, on the instant situation in order to bring us to the point of suggesting that it is the responsibility of a petitioner for certiorari to refer the court in the first instance to the prior decisions on which he relies as being the basis of an alleged conflict with the decision of the Court of Appeal presented for review. It is not the responsibility of this court to research the law in order to develop points of cleavage not insisted upon by the petitioner.
We think the petitioner in the instant case fails to support her claim to another hearing with her insistence that this court overlooked prior decisions which the- petitioner herself failed to mention in her original request for certiorari and *8 which were not even included in a supporting brief.
We conclude with the assurance that, in actuality, we did not overlook the five decisions mentioned in the petition for rehearing. We encountered them in our own research and we examined them thoroughly in our original consideration of the case. We did not find in them anything to support the petition or which would lead us to a conclusion. other than the one discharging the writ as originally announced.
Contrary to custom we have written an opinion to support our denial of a petition for rehearing. This has been done in order to invite the attention of’ the Bar to the vital importance of compliance with the rules of practice so essential to the orderly disposition of cases. A failure to do so could be fatal.
The petition for rehearing is denied.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.